UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TECHNICAL LED INTELLECTUAL PROPERTY, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>AEON LABS LLC,<br><br>    Defendant. | No. C 18-01847 WHA<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

## INTRODUCTION

In this patent infringement case, plaintiff moves for a default judgment, attorney's fees, and litigation costs. For the following reasons, this order adopts the magistrate judge's recommendation that the motion be granted.

## STATEMENT

Plaintiff Technical LED Intellectual Property, LLC sued defendant Aeon Labs LLC for patent infringement. Despite proper service of the summons and complaint and plaintiff's motions for entry of default and for default judgment, defendant never responded. Following plaintiff's unopposed motion for entry of default judgment, defendant failed to respond to service of summons, plaintiff's motion for entry of default judgment, or plaintiff's motion for damages, attorney's fees, and litigation costs. On December 2, 2019, Magistrate Judge Jacqueline Scott Corley recommended an award of $30,144.12 in damages, $55,444.95 in attorney's fees, and $2,332.09 in litigation costs. She did not recommend injunctive relief because the patent in suit expired on December 28, 2019.

An order dated February 6, 2020 directed plaintiff to serve Judge Corley's report and recommendation on defendant, who failed to respond by the February 26 deadline (Dkt. Nos. 1, 3, 49, 50, 52–53). This order **ACCEPTS AND ADOPTS** the findings in Judge Corley's report and recommendation. Thus, plaintiff's motion for default judgment is **GRANTED IN PART**.

**ANALYSIS**

If no party objects to the factual findings in a report and recommendation, the reviewing district court "may assume their correctness and decide the motion on the applicable law." *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974). Even for "dispositive pretrial motions," the Federal Magistrates Act "does not require on its face any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 141, 149 (1985).

The Advisory Committee Notes to Rule 72 of the Federal Rules of Civil Procedure further provide that if no party objects, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Rule 72 "does not restrict experimentation by the district courts under [the Federal Magistrates Act] involving references of . . . default judgments," but in the absence of any objections, the district court only needs to review for clear error. *Id.* This order finds no clear error.

Plaintiff requests patent infringement damages in the form of a reasonable royalty (Dkt. No. 27 at 10). When calculating damages for patent infringement, "a reasonable royalty may be employed" if "actual damages cannot be adequately proved." A reasonable royalty is the amount a person wishing to "sell a patented article, as a business proposition, would be willing to pay as a royalty and yet be able to make . . . a reasonable profit." *Wang Labs., Inc. v. Toshiba Corp.*, 993 F.2d 858, 870 (Fed. Cir. 1993) (citations and quotation marks omitted). The report and recommendation calculated damages based on the number of infringing units sold and an average reasonable royalty rate of nine percent, reflecting plaintiff's prior agreements.

Between 2014 and 2017, defendant sold 1,867 units of infringing products for a total of $54,250. Of these, plaintiff sold 94 on Amazon at a price of $49.00 per unit. Plaintiff sold the

remaining 1,773 directly to other businesses at a price of $28.00 per unit. Plaintiff could not obtain defendant's total sales of infringing products from 2018 through 2019. That said, plaintiff's annual sales doubled year over year from 2014 to 2017. Lacking data on defendant's 2018 and 2019 sales, the report fairly assumed the trend continued in 2018 and 2019. In 2017, plaintiff sold 943 infringing products, so in 2018 it would have sold 1,886 and in 2019 it would have sold 3,772.

Of the 1,886 products sold in 2018, based on limited discovery from Amazon, the report correctly estimated that 420 units would have been sold on Amazon (Dkt. Nos. 44-4, 49 at 6). This includes 330 units sold at $49.99 per unit from January through October and 90 units sold at $44.59 per unit for the last two months of the year, amounting to $20,509.80 in revenue from Amazon sales. Assuming that the total sales from 2018 doubled those of 2017, 1,446 direct sales would remain after the 420 Amazon sales. The price of direct sales, unlike Amazon sales, did not fluctuate throughout the year. It remained fixed at $28 per unit. Direct sales revenue for 2018 can thus be estimated at $41,048.00. Adding Amazon sales and direct sales, defendant sold $61,557.80 of infringing products in 2018.

Of the 2,825 products sold in 2019, 443 would have been sold on Amazon at $44.59 per unit, totaling $19,753.37. 2,382 would have been sold directly at $28.00 per unit, for $66,724.00. Total revenue in 2019 can be estimated at $86,477.37.

The following table summarizes defendant's sales and revenue:

| Year | Amazon Sales | Amazon Price | Amazon Revenue | Direct Sales | Direct Price | Direct Revenue | Total Sales | Total Revenue |
|---|---|---|---|---|---|---|---|---|
| 2014 – 2017 | 94 | $49.00 | $4,606.00 | 1773 | $28.00 | $49,644 | 1,867 | $54,250 |
| 2018 | 420 | $49.00 (January through October); $44.59 (November through December) | $20,509.80 | 1,446 | $28.00 | $41,048 | 1,886 | $61,557.80 |
| 2019 | 443 | $44.59 | $19,753.37 | 2,382 | $28.00 | $66,724 | 2,825 | $86,477.37 |
| Total | 957 | | $44.869.17 | 5,601 | | $157,416 | 6,578 | $202,285.17 |

3

There being no clear factual error in Judge Corley's report, this order assumes that defendant reaped $202,285.17 from selling infringing products.

To determine the reasonable royalty rate, Judge Corley looked at plaintiff's previous license agreements involving "sales of less than $500,000." In such cases, licensees agreed to "reasonable royalties between $14,500 and $25,000." Judge Corley recommends a reasonable royalty rate of nine percent, or $18,206 (Dkt. No. 49 at 7–8). The court of appeals has held that a reasonable rate may be established by considering "the royalty upon which the parties would have agreed had they successfully negotiated an agreement just before infringement began." *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324 (Fed. Cir. 2009). Since nine percent falls well within the range of rates previously agreed upon for sales of this magnitude, this order accepts the recommendation.

Plaintiff further requested treble damages based on defendant's alleged "willful, wanton[,] and deliberate infringement of the '685 Patent and [its] conduct throughout this litigation" (Dkt. No. 45). Judge Corley did not recommend going this far. Culpability worthy of enhanced damages "is generally measured against the knowledge of the actor at the time of the challenged conduct." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1933 (2016). Plaintiff's complaint failed to plead that defendant had engaged in willful infringement *prior* to the start of litigation. Thus, defendant's pre-litigation conduct does not warrant enhanced damages.

Defendant's post-litigation behavior, however, remains a cause for concern. Defendant knew about the infringement and plaintiff's complaint; its counsel even confirmed receipt of a copy of the complaint in an email (Dkt. No. 45-1, Exh. A at ¶ 5). Defendant nevertheless continued to infringe. Judge Corley recommended doubling damages for sales occurring between April 2018, the first full month after this litigation began, and September 2019, the last full month before plaintiff filed its memorandum in support of its motion for default judgment. This adds another $11,938.12 in damages (Dkt. No. 49 at 9–11).

The court of appeals has held that double damages are "most reasonable" when "a potential infringer ha[d] actual notice of another's patent rights" and nevertheless "continued to

4

sell the infringing product . . . even after [a] suit for infringement was filed." *Avia Grp. Int'l, Inc. v. L.A. Gear Cal., Inc.*, 853 F.2d 1557, 1566–67 (Fed. Cir. 1988). Here, defendant's counsel confirmed receipt of plaintiff's complaint, but defendant nevertheless ignored this litigation and continued to infringe. This order thus accepts Judge Corley's recommendation for enhanced damages and adds $11,938.12 to the initial royalty of $18,206 for a total damages award of $30,144.12.

Plaintiff also seeks attorney's fees, which Judge Corley recommends. Attorney's fees may be assigned to prevailing parties in "exceptional cases." 35 U.S.C. § 285. The court of appeals has held that attorney's fees are proper under Section 285 in "case[s] of willful infringement." *Kori Corp. v. Wilco Marsh Buggies & Draglines, Inc.*, 761 F.2d 649, 657 (Fed. Cir. 1985). After receipt of the complaint, defendant not only continued to violate the patent in suit after plaintiff filed its complaint, but it also continually failed to respond or appear, thereby requiring plaintiff to expend additional funds to obtain discovery from Amazon (Dkt. No. 45-1 at ¶ 3). This order thus accepts Judge Corley's recommendation.

To calculate the amount of fees to be awarded, the report and recommendation applied "the lodestar method, multiplying the number of hours reasonably expended by a reasonable hourly rate." *Ryan v. Editions Ltd. W.*, 786 F.3d 754, 763 (9th Cir. 2015). Louis Heidelberger, who charged $500 per hour, billed 71.8 hours for a total of $35,900. Ilene Goldberg, who charged $375 an hour, billed 40.1 hours for a total of $15,037.50. Moreover, the three paralegals who assisted Ms. Goldberg on this matter each charged $210 per hour. Julie Burillo billed 13.2 hours for a total of $2,772. Jodi Kudlow billed 14.2 hours for a total of $2,982. Laura Ripley billed 23.4 hours for a total of $4,914. This adds up to $61,605.50 (Dkt. Nos. 45 at 13; 49 at 11–15).

Judge Corley's report then recommends deducting ten percent from the total cost of attorney's fees to account for plaintiff's counsel mistakenly submitting billing records from a different case in making its initial motion for fees (Dkt. No. 45-9, Exh. I at 6-7, 10-12, 16-18). After having realized the mistake, plaintiff's counsel had to resubmit billing records for this case. The report and recommendation found that defendant should not have to bear the cost of

5

this error (Dkt. No. 49 at 15).  This order agrees.  Accordingly, plaintiff shall be awarded $55,444.95 in attorney's fees.

Finally, plaintiff requests an award of litigation costs.  It is entitled to costs as the prevailing party in this patent action under 35 U.S.C. § 284.  The report and recommendation found that plaintiff's invoices reflected costs totaling $2,332.09 (Dkt. Nos. 45 at 13; 49 at 15–16).  This order accepts the report's finding.

In conclusion, this order **ACCEPTS AND ADOPTS** Judge Corley's report and recommendation.  Totaling up the awards of damages, attorney's fees, and litigation costs, judgment shall be entered in the amount of $87,921.16.  To the foregoing extent, plaintiff's motion for default judgment is **GRANTED**.

**IT IS SO ORDERED.**

Dated: March 31, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE